UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

T.S.,

          Plaintiff,

    v.

KILOLO KIJAKAZI,

          Defendant.

Case No.  19-cv-03658-VKD

**ORDER GRANTING PLAINTIFF'S MOTION FOR FEES**

Re: Dkt. No. 33

## I.    BACKGROUND

This case arises out of plaintiff T.S.'s applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423, *et seq.*, and involves two separate district court appeals of administrative decisions denying T.S.'s applications.  T.S.'s first appeal was filed in 2015.  After she filed her motion for summary judgment, the parties stipulated to remand the matter for further administrative proceedings.  The district court approved that stipulation in April 2016.  *See* AR[1] 1153-1155 (stipulation and order entered in Case No. 3:15-cv-03555-MEJ *T.S. v. Colvin*).  Additionally, upon remand, in view of a subsequent claim for Title II disability benefits T.S. filed in October 2015, the Appeals Council directed the administrative law judge ("ALJ") to consolidate the two claims files, associate the evidence, and issue a new decision on the consolidated claims.  *See* AR 1163.

An ALJ held an administrative hearing and subsequently issued an unfavorable decision,

[1] "AR" refers to the certified administrative record lodged with the Court.  Dkt. No. 17.

leading to the present appeal.[2]  On the parties' cross-motions for summary judgment, the Court granted in part T.S.'s motion for summary judgment, remanded the case for further agency proceedings, and entered judgment accordingly.  Dkt. Nos. 28, 29.  The Court subsequently approved the parties' stipulation for an award of attorney's fees in the amount of $5,700 to T.S.'s counsel, Young Cho of the Law Offices of Lawrence D. Rohlfing, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2142.  Dkt. No. 32.  On remand from this Court's order, the Social Security Administration ("agency") concluded that T.S. is entitled to receive past-due benefits in the amount of $172,552.10.  Dkt. No. 33-3.

Prior to the filing of T.S.'s first appeal, T.S. and Mr. Cho entered into a contingency fee agreement, which entitles the Law Offices of Lawrence D. Rohlfing to fees of up to 25% of "the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court."  Dkt. No. 33-1 ¶ 4.  The agency's December 2022 benefits notice informed T.S. that $37,138.03 of her past-due benefits was being withheld in the event attorneys' fees were payable under the Social Security Act for work performed in federal court.  Dkt. No. 33-3 at 1.

Mr. Cho now seeks $38,838.00, or 22.5% of T.S.'s past-due benefits, pursuant to 42 U.S.C. § 406(b)[3] and the fee agreement with T.S.  He further requests that payment be made to the Law Offices of Lawrence D. Rohlfing, Inc.  Counsel acknowledges that the firm must reimburse T.S. for the previous $5,700 EAJA fee award, leaving a net fee award of $33,138.00.[4]

The record indicates that Mr. Cho mailed copies of the present motion to T.S.  Dkt. No. 33

---

[2] Pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, is substituted as defendant in place of Andrew M. Saul.

[3] Mr. Cho represents that if the present motion is granted in its entirety, he does not intend to seek fees under 42 U.S.C. § 406(a) for work performed before the agency, and that in any event, the "aggregate of all fees received by counsel from administrative and Court awards will not exceed the [sum withheld by the agency] in this case."  *See* Dkt. No. 33 at 8; *see id.* at 19 (Cho Declaration ¶ 6).  Although the agency's December 2022 benefits notice indicates that Mr. Cho received approval for a $6,000 fee award for his work before the agency, the record indicates that this was an error, and that the erroneous award subsequently was rescinded.  *See* Dkt. No. 33-3 at 2; Dkt. No. 33-13.

[4] Although Mr. Cho did not receive any EAJA fees in T.S.'s first district court appeal, he says that the presently requested fees include a voluntary reduction of $4,300, which he represents is the EAJA fee amount based on work done in the first appeal and the then-current EAJA rate.  *See* Dkt. No. 33 at 8.

United States District Court
Northern District of California

at 22.  The Court has received no objection or any other response from T.S.  The Commissioner has also not filed a response to the present motion.  The time for T.S. and the Commissioner to file a response has passed.  *See* Civ. L.R. 7-3.  The motion is deemed suitable for determination without oral argument.  Civ. L.R. 7-1(b).  Upon consideration of the moving and responding papers, the Court grants the motion for fees.

## II.    DISCUSSION

When a court renders judgment favorable to a claimant represented by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).  A court may award such fees even if the court's judgment did not immediately result in an award of past-due benefits.  *Butler v. Colvin*, No. 3:14-cv-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017).  Although a district court may award fees under both the EAJA and § 406(b), "'the claimant's attorney must refund to the claimant the amount of the smaller fee.'"  *Crawford v. Astrue*, 586 F.3d 1142, 1144 n.3 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht*, 535 U.S. at 807.  "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Id.*  "The statute does not specify how courts should determine whether a requested fee is reasonable" and "provides only that the fee must not exceed 25% of the past-due benefits awarded."  *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").  The attorney seeking fees must show that the fees sought are reasonable for the services rendered.  *Gisbrecht*, 535 U.S. at 807.

In determining a reasonable fee award under § 406(b), courts "must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent fee agreement, then testing it for reasonableness.'"  *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793,

1   808).  In this context, reasonableness does not depend on lodestar calculations, but upon "the

2   character of the representation and the results the representative achieved."  *Gisbrecht*, 535 U.S. at

3   808.  Fees resulting from a contingent fee agreement are unreasonable and subject to reduction by

4   the court "if the attorney provided substandard representation or engaged in dilatory conduct in

5   order to increase the accrued amount of past-due benefits, or if the 'benefits are large in

6   comparison to the amount of time counsel spent on the case.'"  *Crawford*, 586 F.3d at 1148

7   (quoting *Gisbrecht*, 535 U.S. at 808).  Although the Supreme Court has "flatly rejected [a] lodestar

8   approach," *id*., a court may require, "not as a basis for satellite litigation, but as an aid to the

9   court's assessment of the reasonableness of the fee yielded by the fee agreement," submission of

10  the requesting attorney's records of the hours worked and normal hourly billing rate for non-

11  contingent fee cases.  *Gisbrecht*, 535 U.S. at 808.

12          Mr. Cho has demonstrated that the requested fees are reasonable for the services rendered.

13  His contingency fee agreement with T.S. provides for fees within the 25% limit imposed by

14  § 406(b).  Dkt. No. 33-1.  Moreover, Mr. Cho seeks fees that are less than the 25% maximum

15  allowed under the law.  He successfully pursued T.S.'s prior district court appeal, as well as the

16  present appeal, and obtained a favorable result in which T.S. received substantial past-due benefits

17  dating back to 2011.  *Id*.  Nothing in the record suggests that Mr. Cho's performance was

18  substandard or that he engaged in dilatory conduct in order to increase the amount of fees to be

19  awarded.  Although not dispositive, Mr. Cho's time records indicate that the prior district court

20  appeal involved 3.9 hours of paralegal work and 20 hours by work by Mr. Cho; the present appeal

21  involved 2.6 hours of paralegal work and 26.7 hours of work by Mr. Cho.  *See* Dkt. No. 33-4.  The

22  Court has reviewed time sheets and finds that the time spent on these matters is reasonable,

23  particularly in light of the risk involved in this particular case, where the ALJ did not award fees

24  until a second remand order from this Court.

25          Accordingly, Mr. Cho's motion for fees is granted.

26  **III.    CONCLUSION**

27          Based on the foregoing, the motion for fees pursuant to 42 U.S.C. § 406(b) is granted.  The

28  Court awards $38,838.00 in fees to the Law Offices of Lawrence D. Rohlfing, Inc.  The Law

United States District Court
Northern District of California

4

Offices of Lawrence D. Rohlfing, Inc. shall refund to T.S. $5,700 in EAJA fees previously awarded.

**IT IS SO ORDERED.**

Dated: March 7, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

5